JOHN G. WENDEL, PROSECUTOR, v. THE BOARD OF EDU-
CATION OF THE CITY OF HOBOKEN.

Argued February 25, 1907—Decided June 10, 1907.

1. The members of the board of education of the city of Hoboken,
   as in office at the time of the approval of the General School act
   of 1903, became a body corporate under that act, and were given
   the power, conferred by that act, to condemn lands for public
   school purposes. Their successors, elected as they were, prior to
   the adoption by the people of either the provisions of section 38
   or section 39 of that act, have the like powers.
2. The conferring of such powers upon existing boards of education,
   in cities not adopting either section 38 or section 39 of said act,
   is not special legislation as to cities, and hence is not in conflict
   with our state constitution.

On *certiorari*.

Before Justices FORT, HENDRICKSON and PITNEY.

For the prosecutor, *Collins & Corbin*.

For the defendant, *James F. Minturn*.

The opinion of the court was delivered by

FORT, J.  This writ brings up an order of a justice of the
Supreme Court appointing commissioners to condemn land
for a public school building in the city of Hoboken.

The order of the justice is challenged upon the ground
that there is no power in the school board of that city to con-
demn lands, for the reason that the powers to condemn given
to school boards by the General School law of October 19th,
1903, does not extend to the school board of the city of
Hoboken, nor to any school board not created in accordance
with sections 38 or 39 of the General School act of 1903.
*Pamph. L.* 1904, *p.* 5 (*Special Session of* 1903).

We take a different view of the law applicable to this case.

By section 45 of the General School act of 1903 the board of education in any city school district is declared to be a body corporate by the name of the board of education of the city in which it is and is authorized to have an official seal.

By section 47 of that act said board is authorized in and by its corporate name  *  *  *  to take and condemn land and other property for school purposes in the manner provided by law regulating the ascertainment and payment of compensation for property condemned or taken for public use. This confers upon such a board the power to take proceedings for condemnation provided by the General Condemnation act. *Pamph. L.* 1900, *p.* 79.

By section 246 of the General School law all provisions of this act and all acts and parts of acts, general, special and local, so far as they are inconsistent with the provisions of this act, are hereby repealed.

By section 40 of the School act of 1903 it is provided as follows: "In any city school district, until the organization of a board of education in such school district, as provided in sections 38 or 39 of this act, the administration and conduct of the public schools, and the management and control of the public school property therein, shall remain in and shall be exercised by any board of education or other body heretofore having control of the public schools therein. Said board of education or other body shall be hereafter deemed to be incorporated under the provisions of section 45 of this act, and shall have all the powers and be charged with all the duties conferred or imposed upon the board of education as provided in this article."

The section goes on to provide that members of any board of education or other body shall be elected or appointed at the same time and in the same manner, and shall serve for the same terms as members of such board of education or other body have been heretofore elected, selected or appointed.

We think the general purpose of this statute, from which these citations have been made, was to create in every city the then existing board of education as a corporation with

all the powers of the act of 1903. All boards of education of all cities of the state were brought under the act of 1903, and their proceedings and powers were solely such as that act conferred after the date of its approval.

Sections 38 and 39 provided for a definite method of selection of boards of education in cities adopting either of those sections, and if neither of said sections shall be adopted, then all cities are, as to the powers of boards of education, under a general statute which is uniform as to all.

It was suggested on the argument that if the School act of 1903 should be held to confer powers of condemnation upon all city boards, whether they were appointed under sections 38 or 39 of the act or not, that it was an unconstitutional statute, because special. We are unable to take this view. Neither section 38 nor section 39 are operative in any city of this state unless they shall be adopted by vote of the people, after being submitted in accordance with the provisions of the act. These two sections are open to all cities, and any city may adopt either the one or the other of them, but no city is required to adopt either of them. This act merely takes the machinery existing in cities for the government of their educational system and leaves such machinery as it is, but provides a uniform method for the management and control of all the schools of all the cities of the state by the board or body as created or organized in such cities at the time of its approval.

We think the board of education of the city of Hoboken as constituted at the time of the adoption of the act of 1903, and at the time of the making of the order brought up in this case, was a legal body, and that the act of 1903 gave it power of condemnation, and that the order of the justice of the Supreme Court appointing the commissioners should therefore be affirmed.